IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | 4:08CV3260 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Dismissal. (Filing No. 8.) In support of the Motion, Respondent filed a Brief (filing no. 9) and State Court Records (filing no. 7). Petitioner John Maxwell Montin ("Montin") opposes the Motion. (Filing No. 11.) In its Motion, Respondent argues that dismissal is appropriate because Montin is no longer "in custody" pursuant to the previous order of commitment and that a new order of commitment was entered on February 17, 2009. (Filing No. 9.) Because Petitioner has not appealed the February 17, 2009 order of commitment, Respondent argues that Petitioner has therefore failed to exhaust his administrative remedies before filing his current Petition. (*Id.*)

This is Petitioner's fifth federal habeas petition. Less than a year ago, I detailed the history of the previous petitions, and that history need not be restated in full here. Summarized, two previous petitions were dismissed because Petitioner failed to exhaust his state court remedies, and one was dismissed because it was time-barred.[1] On August 18, 2008, I dismissed Montin's fourth federal habeas petition

---

[1] The cases dismissed for failure to exhaust state court remedies are Case Nos. 4:98CV3100 and 4:99CV3271. The case dismissed because it was time-barred is Case No. 4:03CV3096. These three petitions challenged Montin's original commitment in 1993 and the finding of "not responsible by reason of insanity." The most recent petition, in Case No. 4:08CV3027, challenged the 2008 order of

because Plaintiff failed to exhaust his state court remedies.  (Case No. 4:08CV3027, Filing Nos. 15 and 16.)  In that Memorandum and Order, I reiterated that any claims challenging Montin's original commitment in 1993, where he was adjudicated "not responsible by reason of insanity," were previously determined to be time barred. Specifically:

> On March 13, 2003, Montin filed a third habeas petition attacking his original commitment.  This action was barred under the one-year statute of limitations and I dismissed it with prejudice on February 20, 2004. (Case No. 4:03CV3096, Filing Nos. 19, 20.)  Montin appealed, but the appeal was dismissed because Montin's application for a certificate of appealability was untimely. (Case No. 4:03CV3096, Filing Nos. 30, 32, 34.)

(Case No. 4:08CV3027, Filing No. 15.)  Montin filed his current habeas petition in this court on December 23, 2008 (the "Petition"), which alleges four claims challenging the validity of his 1993 original commitment.  (Filing No. 5.)  To be clear, the Petition currently before the court does not appear to challenge any recent orders of commitment, but instead challenges the validity of the original finding of "not responsible by reason of insanity" from 1993.  (*See* Filing No. 1.)

While Respondent did not address the statute of limitations issue in its Motion,[2] it is clear from the court's previous decisions on Montin's four federal habeas petitions that the Petition is barred by the statute of limitations.  I need not engage in a lengthy analysis of issues decided more than five years ago.  Instead, I find that,

---

commitment, not the original 1993 commitment.

[2]As far as I can tell, Respondent is under the mistaken belief that Montin's Petition relates to his recent orders of commitment, not to the 1993 findings of the Hayes County, Nebraska District Court.  The Petition clearly relates to the initial finding of not responsible by reason of insanity and not to the 2008 or 2009 orders of commitment.

because Montin seeks to challenge his 1993 original commitment, and for the reasons set forth in my February 20, 2004 Memorandum and Order in Case No. 4:03CV3096, the Petition is time-barred.[3]  (Case No. 4:03CV3096, Filing No. 19.)  Respondent's Motion for Summary Dismissal is granted.[4]

IT IS THEREFORE ORDERED that:

1.      Respondent's Motion to Dismiss (filing no. 8) is granted.

2.      A separate Judgment will be entered in accordance with this Memorandum and Order.

June 24, 2009.                                    BY THE COURT:

                                                 *s/Richard G. Kopf*
                                                 United States District Judge

---

[3]I also note that the Petition is likely also successive, but I need not resolve that separate issue.

[4]To the extent Montin seeks to later challenge the recent order of commitment, this Memorandum and Order makes no finding on the merits of such a challenge. However, the court strongly cautions Montin that, prior to challenging a recent order of commitment, he **must** exhaust his state court remedies.  This may include a direct appeal and/or a state habeas corpus action.  (*See* Case No. 4:08CV3027, Filing Nos. 15 and 16.)